United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40670
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

LORENZO AMAYA-REYES,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-604-1
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Lorenzo Amaya-Reyes appeals his guilty-plea conviction and

sentence for being unlawfully found in the United States after

deportation, having previously been convicted of an aggravated

felony.  He argues that the "felony" and "aggravated felony"

provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional

in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

In his plea agreement, Amaya-Reyes waived "any right to have

facts that the law makes essential to the punishment either

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1) charged in the indictment or (2) proven to a jury or (3) proved beyond a reasonable doubt."  The Government seeks enforcement of the waiver, arguing that it precludes Amaya-Reyes's argument on appeal.  We assume, arguendo only, that the waiver does not bar the instant appeal.

Amaya-Reyes's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Amaya-Reyes contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Amaya-Reyes properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.